UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
YVETTE QUOW,

                Plaintiff,

      - against -

STEVEN WALLACH,
**Leemar Management Corp/Barmat Realty LLC,**

                Defendant.
------------------------------------------------------------ X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 02 2016 ★
BROOKLYN OFFICE

**MEMORANDUM DECISION AND ORDER**

16 Civ. 3947 (AMD)

**ANN DONNELLY,** District Judge.

The *pro se* plaintiff filed this lawsuit against her landlord, Steven Wallach, on July 12, 2016. The plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this order. For the reasons set out below, the case is dismissed. The plaintiff may amend her complaint within thirty days of this order, as described below.

## BACKGROUND

The complaint was prepared on a sample form and includes the following statement of jurisdiction: "Fraud, sexual harassment, serving legal notices without index numbers." The plaintiff alleges that she was denied due process "based on not having proper Legal Representation, Race being a Black Woman, misplaced or lost files, poor record keeping, providing copy after copy, cases with this Steven Wallach always going to the same Civil Court Judge." She claims: "the landlord demonstrated violations of Woman Civil Rights because of her Race, Disability, and holding NYC Payments to force tenants out." She further asserts that the defendant used racial epithets to describe Black tenants.

1

Under the heading "CURRENT STATUS HARASSMENT STEVEN WALLACH," the plaintiff says that the defendant, made "unwanted personal verbal & sex advances towards me, becoming hostile after I refuse[d] to have anything to do with Mr. Wallach, [o]n a personal level. This started a pattern of abuse that continued for several years." Though the complaint is unclear, the plaintiff seems to suggest that the defendant failed to put New York City rent assistance payments towards the plaintiff's rent and then started a process of eviction, in retaliation for rebuffing his "sex advances."

The plaintiff also alleges a rent dispute, in which she says that the defendant misrepresented the amount of fees owed, and sent legal notices purporting to be from Civil Court but without Index Numbers. The plaintiff states that "[t]he amounts total over $80,000." The plaintiff also alleges that the defendant claimed that his family members worked for Civil Court and could "fix[] cases" for him and that "he was above the law." In her request for relief, the plaintiff seeks "discovery of missing NYC welfare funds, checks, deposits & credits for money already paid to Steven Wallach & Leemar Management Corp."

In her application to proceed *in forma pauperis*, the plaintiff states that she receives Social Security Disability payments. Attached to her application is a statement from Leemar Management Corporation indicating that a total of $82,722.11, was due on April 1, 2016. The statement indicates a previous balance of $53,018.06, "other charges" of $15,530.80, and legal fees totaling $13,113.30.

## DISCUSSION

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). Furthermore, *pro se* complaints are held to less stringent

standards than pleadings prepared by attorneys, and the court is required to read a plaintiff's *pro se* complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). The court must grant leave to amend the complaint if a liberal reading of the pleadings "gives any indication that a valid claim might be stated." *See Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (citation omitted). Nonetheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and a district court must dismiss an *in forma pauperis* action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff's reference to due process suggests a claim under the Fourteenth Amendment, cognizable under Section 1983, *see* 42 U.S.C. § 1983, but in order to maintain such an action, a plaintiff must allege that the deprivation of civil rights was "committed by a person acting *under color of state law*." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). This under-color-of-state-law requirement excludes from Section 1983's reach "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation omitted). In this case, the plaintiff has not alleged that the defendant is a state actor or is acting under color of state law. Accordingly, the plaintiff cannot state a Section 1983 claim against this private landlord.

It is unclear whether the plaintiff's claims arise out of a residential landlord-tenant dispute that is currently pending in New York State Court. A federal court generally may not take jurisdiction over or "call into question" ongoing state criminal, civil, or administrative proceedings. *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). Accordingly, if the plaintiff's claims are the subject of a state court claim, they would be

dismissed. *See Galland v. Margules*, No. 05-cv-5639-DC, 2005 WL 1981568, at *3 (S.D.N.Y. Aug. 17, 2005), *aff'd*, 191 F. App'x 23 (2d Cir. 2006).

The plaintiff also alleges that she was sexually harassed, and that after she refused to have a personal relationship with the defendant, he "started a pattern of abuse."[1] In construing this *pro se* complaint liberally, I consider whether the plaintiff stated a claim under the federal Fair Housing Act ("FHA").

The FHA makes it unlawful to discriminate in the rental of a dwelling on account of race, color, sex, or disability of the renter, 42 U.S.C. § 3604(a), (f)(1), and prohibits retaliation against people who engage in "protected activity" under the Act. *See* 42 U.S.C. § 3617. Additionally, the FHA forbids discrimination "against any person in the terms, conditions, or privileges of . . . rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color . . . sex," or disability. 42 U.S.C.A. § 3604(b), (f).

In this Circuit, courts construe Section 3604(b) of the FHA to prohibit individuals—including landlords—who have control over the "terms, conditions, or privileges of . . . rental of a dwelling" from creating a "hostile environment." *Cain v. Rambert*, No. 13-cv-5807-MKB, 2014 WL 2440596, at *4 (E.D.N.Y. May 30, 2014). In determining whether a landlord has created a "hostile environment," courts look to the similar prohibition imposed by Title VII against the creation of hostile work environments. *Id.* "Sexual harassment constitutes such discrimination." *Ponce v. 480 E. 21st St., LLC*, No. 12-cv-4828-ILG-JMA, 2013 WL 4543622, at *2 (E.D.N.Y. Aug. 28, 2013).

A plaintiff claiming a hostile housing environment must show that she was subjected to harassment that was pervasive and severe enough to create a hostile housing environment. *Cain*,

---

[1] The plaintiff does not appear to claim that the defendant created a hostile housing environment because of her race or disability.

4

2014 WL 2440596, at *5. In determining whether the described conduct rises to the requisite level of "pervasive" or "severe," the court considers the following factors: the "frequency of the discriminatory conduct," the conduct's "severity," and whether the conduct was "physically threatening or humiliating." *Ponce*, 2013 WL 4543622, at *2. Here, the plaintiff has not adequately pled that the sexual harassment was sufficiently pervasive or severe. Although the plaintiff alleges that the defendant made "unwanted personal verbal & sex advances," she does not provide any further details—such as whether the advances were physical or verbal, the content of any comments, or the frequency of the advances—from which I might conclude that a hostile environment plausibly existed. *See id.*

Moreover, "[a]s with any claim asserted pursuant to the FHA, a plaintiff must also show a relationship between the discriminatory conduct and housing." *Cain*, 2014 WL 2440596, at *5 (quoting *People of State of N.Y. by Abrams v. Merlino*, 694 F. Supp. 1101, 1104 (S.D.N.Y. 1988). Here, the plaintiff says that her refusal to have a personal relationship with the defendant "started a pattern of abuse," but she does not expressly plead that there is a relationship between her refusal and the alleged misconduct related to the plaintiff's housing situation.

The complaint is dismissed because the plaintiff has failed to state a plausible claim for relief. Because a liberal reading of the pleadings establishes that the plaintiff might state a valid claim for a violation of the FHA, I grant her leave to file an amended complaint, alleging a violation of the FHA, as set forth below.

## CONCLUSION

The Section 1983 claim for violations of due process are dismissed, and the plaintiff's state law landlord-tenant claims are dismissed without prejudice as to their assertion in state court. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

2014 WL 2440596, at *5. In determining whether the described conduct rises to the requisite level of "pervasive" or "severe," the court considers the following factors: the "frequency of the discriminatory conduct," the conduct's "severity," and whether the conduct was "physically threatening or humiliating." *Ponce*, 2013 WL 4543622, at *2. Here, the plaintiff has not adequately pled that the sexual harassment was sufficiently pervasive or severe. Although the plaintiff alleges that the defendant made "unwanted personal verbal & sex advances," she does not provide any further details—such as whether the advances were physical or verbal, the content of any comments, or the frequency of the advances—from which I might conclude that a hostile environment plausibly existed. *See id.*

Moreover, "[a]s with any claim asserted pursuant to the FHA, a plaintiff must also show a relationship between the discriminatory conduct and housing." *Cain*, 2014 WL 2440596, at *5 (quoting *People of State of N.Y. by Abrams v. Merlino*, 694 F. Supp. 1101, 1104 (S.D.N.Y. 1988). Here, the plaintiff says that her refusal to have a personal relationship with the defendant "started a pattern of abuse," but she does not expressly plead that there is a relationship between her refusal and the alleged misconduct related to the plaintiff's housing situation.

The complaint is dismissed because the plaintiff has failed to state a plausible claim for relief. Because a liberal reading of the pleadings establishes that the plaintiff might state a valid claim for a violation of the FHA, I grant her leave to file an amended complaint, alleging a violation of the FHA, as set forth below.

## CONCLUSION

The Section 1983 claim for violations of due process are dismissed, and the plaintiff's state law landlord-tenant claims are dismissed without prejudice as to their assertion in state court. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be

taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

However, in light of my duty to construe a plaintiff's *pro se* complaint liberally, I grant the plaintiff leave to amend her complaint against the defendant, within thirty days of this order.

In the amended complaint, the plaintiff must allege:

- facts to show what the defendant, Steven Wallach, did that constituted sexual harassment of the plaintiff; and
- how Steven Wallach's sexual harassment created a hostile housing environment in violation of the Fair Housing Act.

The plaintiff must include:

- the dates of all events;
- their locations; and
- a description of what happened.

The plaintiff is to indicate whether there is any state court proceeding regarding these same allegations. If there is, the plaintiff must tell the Court:

- the status of the state court case; and
- the court in which it is pending.

If the plaintiff does not file an amended complaint within thirty days or show good cause why she cannot comply, judgment dismissing this action will be entered.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
August 2, 2016

6